# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:22-CR-00180-RJC-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COLBY EDWARD JOYNER, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion for the Issuance of a Subpoena Pursuant to Fed. R. Crim. P. 17(c) (the "Motion"). (Doc. No. 19). The Motion requests that the Court authorize the issuance and service of a subpoena on MedCare Staffing, Inc. The Government does not take a position on the Motion. The Court has carefully reviewed the record, applicable authority, and Defendant's arguments, and will **GRANT** the Motion, as discussed below.

Defendant, a physician assistant, is charged in a seven count Indictment with one count of Health Care Fraud in violation of 18 U.S.C. § 1347 and six counts of False Statements Relating to Health Care Matters in violation of 18 U.S.C. § 1035(a). The charges stem from work Defendant performed for MedCare Staffing, Inc. Now, Defendant asks the Court to authorize the issuance and service of a subpoena on MedCare Staffing, Inc. for information related to that relationship and work, which he asserts will assist in preparing his defense.

Under Federal Rule of Criminal Procedure 17(c):

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in

evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). A party moving for issuance of a subpoena under Rule 17(c) must show:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (noting also that three hurdles must be cleared: (1) relevancy; (2) admissibility; and (3) specificity).

Here, Defendant has demonstrated that the information he seeks from MedCare Staffing, Inc. is relevant and specific to developing his defense to the charges against him, which stem from his relationship with MedCare Staffing, Inc. Upon preliminary review, the Court finds Defendant has demonstrated that the records described in his Motion could potentially be admissible thereby satisfying the criteria necessary to issue a subpoena. However, the Court emphasizes that it has not yet reviewed any documents and any ultimate admissibility issues are reserved for the District Judge at trial.

Next, according to Defendant's counsel, MedCare Staffing, Inc. will not provide this information without a subpoena, and the information is not otherwise available in advance of trial. His counsel attempted to obtain the records through other means, but was unsuccessful. Third, if Defendant is unable to obtain the information needed to develop his defense, then the trial scheduled for June 5, 2023, could unreasonably be delayed. Last, the Court finds that Defendant's Motion has been made in good faith based on the need for specific information related to his relationship with and work performed for MedCare Staffing, Inc. Accordingly, the Court will grant Defendant's request for issuance of a subpoena under Rule 17(c).

**IT IS THEREFORE ORDERED** that Defendant's Motion for the Issuance of a Subpoena Pursuant to Fed. R. Crim. P. 17(c) (Doc. No. 19) is **GRANTED**. A subpoena duces tecum consistent with the description in the Motion shall be issued to MedCare Staffing, Inc. Defendant must provide the Government a copy of any materials returned in response to the subpoena, to the extent required by law, the Local Rules, or Court Order.

**SO ORDERED.**

Signed: April 6, 2023

Susan C. Rodriguez
United States Magistrate Judge