IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-CR-00180-RJC-SCR

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| COLBY EDWARD JOYNER | ) | |
| | ) | |

**THIS MATTER** is before the Court on the government's Fourth Motion in Limine, (Doc. No. 36), and the defendant's Response, (Doc. No. 39). The Court ruled orally after hearing from the parties and writes to expound upon its decision.

The defendant, Colby Edward Joyner, proceeded to trial on charges of health care fraud in violation of 18 U.S.C. § 1347 (Count One) and making false statements relating to health care matters in violation of 18 U.S.C. § 1035(a) (Counts Two through Seven), or aiding and abetting those offenses. (Doc. No. 1: Indictment at 9-11). Joyner, a physician assistant, worked as an independent contractor for MedCare Staffing, Inc. (MCS) and allegedly made false representations in ordering genetic testing for Medicare beneficiaries. (*Id.*). The government moved to preclude the admission of three subsets of evidence as irrelevant or hearsay:

1. MCS company policies not received by Joyner;

2. email communications between MCS employees not including Joyner; and

3. memoranda prepared by legal counsel for MCS not received by Joyner.

(Doc. No. 36: Motion at 1-4). The government contends that the company policies and legal memoranda are irrelevant because they pertain only to MCS, rather than to

Joyner's own intent and conduct. (*Id.* at 2, 4). They contest the admission of the emails as hearsay. (*Id.* at 2-3).

1. **Company Policies**

Any MCS company policies that were not received by Joyner are irrelevant and, therefore, inadmissible. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The government lists MCS's clinical procedures, (Def. Ex. 135), Clinical Director guidelines, (Def. Ex. 149), and medical reports not prepared by Joyner, (Def. Ex. 305), as examples of inadmissible company policies. (Doc. No. 36: Motion at 1-2; Doc No. 40: Def. Ex. List). It asserts that the polices are irrelevant because no evidence is proffered that Joyner received, created, or knew of them and that these policies provide no indication of having been "in effect during Defendant's employment." (*Id.* at 1-2).

Counts One through Seven focus on the conduct and intent of Joyner; MCS is not on trial. (Doc. No. 1: Indictment at 9-11). Company policies not received by Joyner bear only on the intent and conduct of other MCS employees not charged in the indictment. Fed. R. Evid. 401. To the extent there is any relevance, there is a high degree of risk of confusion and unfair prejudice by distracting the jury from conduct

and intent of Joyner to others. Fed. R. Evid. 403. Therefore, any policies not received by Joyner are inadmissible.

## 2. Emails

The emails between MCS employees are exempt from the rule against hearsay, but their admissibility still depends on whether they were received by or known to Joyner. The government challenges the admissibility of these emails as hearsay. (Doc. No. 36: Motion at 2). However, business records are exempt from the hearsay rule. Fed. R. Evid. 803(6). A Rule 902(11) certificate may establish the criteria for the admission of business records. Fed. R. Evid. 803(6)(D). Here, the government does not challenge the Rule 902(11) certificate—its own exhibit—which identifies the emails as business records. (Gov't Ex. 1). Thus, the emails at issue are exempt from the rule against hearsay. Fed. R. Evid. 803(6)(D).

Still, the emails are admissible only to the extent that they are relevant. The emails between MCS employees would not tend to make a fact of consequence more or less probable.[1] Fed. R. Evid. 401. That is, only those that were known to Joyner would aid in the jury's determination of the legality of his conduct and intent, satisfying Rule 401's relevance standard. Therefore, while the Rule 902(11) certificate

---

[1] In *United States v. Daneshvar*, 925 F.3d 766, 776 (6th Cir. 2019), the Sixth Circuit found that an email between two employees about keeping doctors "in the dark" was relevant where a doctor was charged as being part of a health care fraud conspiracy involving, inter alia, employees signing the doctor's name on testing order forms. However, the appellate court found the district court properly excluded the email as hearsay. *Id.* at 777. The relevancy question is different in the instant case where Joyner is not charged with conspiracy, but rather his own alleged conduct in ordering genetic testing.

qualifies the emails for exemption from the rule against hearsay, the emails that Joyner seeks to offer are admissible only to the extent that they were known to or received by him.

### 3. Legal Memoranda

Any attorney advice communicated to MCS without Joyner's knowledge is inadmissible. Joyner contends that these memoranda are relevant to determining the reasonableness of his reliance on MCS's procedures and his belief that its "direction and guidance was compliant with federal and state regulations and requirements." (Doc. No. 39: Response at 3). Like MCS's company policies, advice of legal counsel not communicated to Joyner is not relevant to his state of mind. Fed. R. Evid. 401. Additionally, its admission would confuse and distract the jury from determining the legality of Joyner's conduct and intent as charged in the indictment. Fed. R. Evid. 403. Therefore, absent a showing that Joyner was aware of any evidence of counsel's opinion communicated to MCS, that evidence is irrelevant and inadmissible under Federal Rules of Evidence 401 and 403.

**IT IS, THEREFORE, ORDERED** that the government's Fourth Motion in Limine, (Doc. No. 36), is **GRANTED in part**, and the admission of defense exhibits will be limited as described above.

Signed: June 27, 2023

Robert J. Conrad, Jr.
United States District Judge